# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DENNIS SUDBERRY,

    Plaintiff,

v.

ISIDRO BACA, et al.,

    Defendants.

Case No. 3:15-cv-00402-RCJ-WGC

**Order**

## I.  DISCUSSION

On February 12, 2016, the Court issued an order dismissing the complaint with leave to amend and directed Plaintiff to file an amended complaint within thirty days. (ECF No. 5 at 6).  Forty-eight days later, the Court dismissed the case after Plaintiff failed to file an amended complaint. (ECF No. 9). Following the dismissal, on April 4, 2016, Plaintiff filed a notice of appeal, wherein he alleged he did not receive the Court's initial screening order. (ECF No. 11 at 4).

The Ninth Circuit issued an order on April 13, 2016, noting that Plaintiff's April 4, 2016 filing appears to request that the district court reconsider its February 12, 2016 order. (ECF No. 13 at 1).  The Ninth Circuit determined that it should hold any further appellate

consideration in abeyance pending the district court's consideration of whether Plaintiff's April 4, 2016 filing constitutes one of the motions listed in Federal Rule of Appellate Procedure 4(a)(4), and, if so, whether the motion should be granted or denied. (*Id.* at 1-2 (citing Fed. R. App. P. 4(a)(4); *Leader Nat'l Ins. Co. v. Indus. Indem. Ins. Co.*, 19 F.3d 444, 445 (9th Cir. 1994)).

On April 21, 2016 the Court granted Plaintiff's motion to alter or amend the judgment, vacated the March 31, 2016 final order challenged in the appeal, reopened proceedings, and granted Plaintiff thirty days in which to file an amended complaint. (ECF No. 14 at 2:17-23). On May 17, 2016 the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction, noting that the Court granted Plaintiff's motion and permitted him an opportunity to amend. (ECF No. 15). The Court subsequently granted Plaintiff a further extension, permitting him until June 8, 2016, to file an amended complaint. (ECF No. 17 at 2:13-15).

Plaintiff filed his amended complaint on May 19, 2016. (ECF No. 16). The Court screened his amended complaint on June 7, 2016, and dismissed it in its entirety with prejudice for failure to state a claim. (ECF No. 18 at 6:7-8). Plaintiff has now filed a motion for the Court to reconsider the case, which is also presented as a motion for extension of time. (ECF No. 22).

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

Plaintiff fails to set forth any valid reason why the Court should reconsider its order.

Plaintiff alleges he filed case 3:15-cv-00612-RCJ-VPC on June 6, 2016, and failed to make a filing in this case. (ECF No. 22 at 1).  Plaintiff *did* make a filing in this case: Plaintiff filed his amended complaint in this case weeks before June 6, 2016, on May 19, 2016. (*See* ECF No. 16).  The Court did not dismiss this case due to a lack of an amended complaint, but rather screened Plaintiff's amended complaint and found that it failed to state a claim. (ECF No. 18 at 6:7-8).  Plaintiff presents the Court with no basis to reconsider its order dismissing the case with prejudice.

Even styled as a motion for extension of time, Plaintiff's motion fails.  Plaintiff has been granted two extensions in this case (*see* ECF No. 14, 17).  In the Court's last extension order, it specifically stated, "It is further ordered that no further extensions shall be granted." (ECF No. 17 at 2:16).  Thus, Plaintiff had adequate warning that he would not be permitted to amend his complaint beyond the June 8, 2016, deadline.

**II.   CONCLUSION**

For the foregoing reasons, it is THEREFORE ORDERED that Plaintiff's motion for reconsideration (ECF No. 22) is DENIED.

DATED June 28, 2016.

_____
United States District Judge